UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL ATCHISON,

        Plaintiff,                    Case No.  12-12436

v.

NATIONAL CITY BANK, ET AL.        SENIOR UNITED STATES DISTRICT JUDGE
                                                    ARTHUR J. TARNOW

        Defendants.              MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK
_____/

### ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [43], [61] GRANTING DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [46]

Before the Court are Plaintiff's Motions for Default Judgment [43] and [61] against Defendant Mortgage Electronic Registration System (MERS) and Defendant MERS' Motion to Set Aside the Clerk's Entry of Default [46].

Plaintiff filed this action on June 6, 2012.  Defendant MERS was served by certified mail on July 5, 2012.  Defendant MERS was thus required to answer by July 26, 2012.  On August 2, 2012, Plaintiff obtained a Clerk's Entry of Default [30] as to Defendant MERS.  On September 5, 2012, an attorney for MERS filed an appearance in this case.  On September 14, 2012, Plaintiff filed his Motion for Default Judgment [43] against MERS.  On September 20, 2012, MERS filed a Response [44].  On October 2, 2012, MERS filed a Motion to Set Aside [46] the Clerk's Entry of Default.  On April 26, 2013, Plaintiff filed a second, largely identical, Motion for Default Judgment [61] as to MERS.

The Court must consider whether "good cause" exists to set aside a clerk's entry of default.  The Court's decision is dictated by whether: "(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systems, SA*

*v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.2d 839, 844 (6th Cir. 1983)). The movant bears the burden of establishing that the above factors favor setting aside the default. *Id.* at 844.

As to the first factor, Defendant asserts that, although properly served on July 5, 2012, Defendant MERS began "search[ing] its records for the member owning the referenced mortgage and referred the matter to SGH." Def.'s Mot. to Set Aside [46] at 3. Defendant's attorney, by affidavit, asserts that he did not actually receive the information pertaining to the case until August 31, 2012, and that he contacted Plaintiff on September 4, 2012, prior to Plaintiff's filing of a Motion for Default Judgment, to ask for more time to file responsive pleadings. Def.'s Mot. to Set Aside [46], Ex. E. Defendant asserts it was not aware of the clerk's entry of default when Defendant's attorney filed an appearance (on September 5, 2012), and did not become aware of the clerk's entry of default until after Plaintiff filed his Motion for Default Judgment on September 14, 2012.

The Court notes that MERS offers no explanation as to why it did not seek representation for approximately two months after being served. While MERS might have needed time to search its records, it nevertheless should have retained counsel. The Court also notes that the information that Plaintiff had already obtained a clerk's entry of default against MERS would have been obvious from a cursory examination of the publicly-available information on the case's docket sheet.

MERS seeks to excuse its untimely answer to the complaint by suggesting that "had this matter been served via a waiver" of service pursuant to Fed. R. Civ. P. 4(d), its response would have been timely. Defendant suggests that a waiver is the "standard" and "normal" procedure,

implying that Plaintiff's decision to bear the cost of service is somehow untoward or inappropriate. The Court is unaware of any rule requiring a Plaintiff to offer a waiver of service to Defendant, and Defendant's argument is unpersuasive.

MERS also suggests that, because MERS is a large corporation and Plaintiff is an individual with "no other lawsuits to attend to," MERS' failure to answer the complaint and oppose the clerk's entry of default is excusable. This argument is also unpersuasive. Defendant provides no explanation, other than negligence, for its failures to respond to the complaint and move to set aside the clerk's entry of default in a timely manner.

Nevertheless, Defendant's behavior, while inappropriate, does not rise to the level of culpability that would prevent the setting aside of a clerk's entry of default, which the Sixth Circuit has described as requiring "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 196).

As to the second factor, whether default would prejudice the Plaintiff, the Court finds that setting aside the clerk's entry of default would not prejudice Plaintiff, as no default judgment has been entered against Defendant MERS, and the effort expended by Plaintiff in prosecuting his case against MERS has thus far been minimal.

Finally, as to the third factor, whether Defendant MERS has established a meritorious defense, the Court has reviewed the briefs of the parties and has concluded that MERS has presented a meritorious defense.

Mindful that there is "a strong preference for trials on the merits" in federal courts, *Shepard Claims Service, Inc.*, 796 F.2d at 193, the Court finds that this case will be best resolved

by setting aside the clerk's entry of default. Accordingly, Defendant's Motion to Set Aside [46] is **GRANTED**. Plaintiff's two motions for default judgment [43] and [61] are **DENIED**.

Given Defendant's negligence in responding to Plaintiff's complaint and entry of default, Plaintiff may seek an award of costs, if any, in obtaining the clerk's entry of default and in responding to Defendant's motion to set aside the default judgment.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 9, 2013

---

### CERTIFICATE OF SERVICE

I hereby certify on May 9, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 9, 2013: **Fidel Atchison.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182