UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F<small>IDEL</small> A<small>TCHISON</small>,

        Plaintiff,

v.

N<small>ATIONAL</small> C<small>ITY</small> B<small>ANK</small>, <small>ET AL</small>.

        Defendants.
_____/

Case No.  12-12436

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> M<small>ICHAEL</small> J. H<small>LUCHANIUK</small>

**ORDER GRANTING DEFENDANT STERLING HARRISON AND REGINA STOKES' MOTION TO DISMISS [41], GRANTING DEFENDANT DONNA HOLLIS-WILLIAMS' MOTION FOR SUMMARY JUDGMENT [48], GRANTING DEFENDANT DAWN KEITH'S MOTION TO DISMISS [55], AND GRANTING DEFENDANT NATIONAL CITY BANK'S MOTION FOR JUDGMENT ON THE PLEADINGS [57]**

      Before the Court are Defendants Sterling Harrison & Regina Stokes' Motion to Dismiss [41], Defendant Donna Hollis-Williams Motion for Summary Judgment [48], Defendant Dawn Keith's Motion to Dismiss And/Or For Summary Judgment [55], and Defendant National City Bank's Motion for Judgment on the Pleadings [57].  Per Fed. R. Civ. P. 78 and Local Rule 7.1(f)(2) the Court has determined that oral argument is unnecessary and the motions will be decided on the briefs submitted by the parties.  The Court will evaluate each motion in turn.

**Standard**

      In evaluating a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), well-pled allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When they are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Summary judgment is appropriate under Fed. R. Civ. P. 56(c)(2) where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." The facts and all inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 250 (6th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once a moving party produces evidence establishing lack of a genuine issue of material fact, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*. The mere existence of "a scintilla of evidence" in support of a plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson*, 477 U.S. at 252.

### Defendants Sterling Harrison & Regina Stokes' Motion to Dismiss or for Summary Judgment [41]

Defendants Harrison and Stokes move to dismiss or for summary judgment. The Court will evaluate their motion as one for summary judgment pursuant to Fed. R. Civ. P. 56(c).

Plaintiff alleges in his complaint that a sheriff's sale of his foreclosed home, that took place on September 19, 2007, was invalid because of alleged defects in the sheriff's deed. Plaintiff alleges that the defects violated his Fifth and Fourteenth Amendment rights, and as a result should invalidate the sheriff's sale, and should grant him quiet title to the property at issue. Specifically, Plaintiff alleges that Defendant Sterling Harrison, at the time a Special Deputy Sheriff, "lacked lawful

authority to execute a Sheriff's Dead on Mortgage Sale," because Harrison was not appointed as a special deputy in writing "under the hand of the sheriff, and . . . filed and recorded in the office of the clerk of the county," as required by Mich. Comp. Laws § 51.73.

Plaintiff is incorrect. According to the clear language of § 51.73 "this section shall not extend to any person who may be reputed by any sheriff to do a particular act only." Thus, a "special" deputy sheriff authorized to do one task may be appointed in writing but without the requirement that the appointment be "under the hand of the sheriff" or "filed and recorded in the office of the clerk of the county." Defendant Harrison presents evidence, in the form of an affidavit from Warren C. Evans, at the time Sheriff of Wayne County, establishing that Evans appointed Harrison a Special Deputy Sheriff from June 13, 2006 to December 31, 2008, with Harrison's specific duties to include various tasks related to Sheriff's sales. Defendant Harrison also presents a copy of his appointment paper signed by Sheriff Warren.

Plaintiff responds to Defendant Harrison's argument by arguing, first, that Harrison wrote that he was a "Deputy Sheriff," rather than a "Special Deputy Sheriff," when signing the sheriff's deed at issue in this case. This fact is immaterial. It is clear that Harrison, as a Special Deputy Sheriff, was empowered to execute the sheriff's deed. *See Kubicki v. Mortg. Elec. Registration Sys.*, 807 N.W.2d 433, 436 (Mich. App. 2011). How Harrison wrote his title in executing the sheriff's deed is not relevant and does not create a genuine issue of material fact.

Plaintiff next alleges that the signature on Harrison's appointment papers and the signature on the sheriff's deed do not match. Defendant Harrison, in his affidavit, states that both signatures are his. Even taking the facts in the light most favorable to Plaintiff, Plaintiff's bare allegation that, in his opinion, the signatures do not match does not create a genuine issue of material fact.

Plaintiff's sole claim against Defendant Regina Stokes was that she had conspired to commit fraud by notarizing Defendant Harrison's signature on the sheriff's deed. Because Defendant Harrison's signature on the sheriff's deed was not fraudulent, Plaintiff's claim against Defendant Stokes fails.

Accordingly, Defendant Harrison and Stokes' Motion to Dismiss or for Summary Judgment [41] is **GRANTED**.

### Defendant Donna Hollis-Williams Motion for Summary Judgment [48]

In his complaint Plaintiff alleged that Donna Hollis-Williams, an employee of Detroit Legal News Publishing, LLC, conspired to commit fraud because she did not hold a valid notary public commission on July 17, 2007, when she notarized an affidavit of publisher in connection with the foreclosure against Plaintiff's property.

Defendant Hollis-Williams has submitted evidence that she was, in fact, a commissioned notary public on July 17, 2007. Plaintiff, in response, appears to admit his error,[1] but suggests that "if the Court accepts that a preponderance of evidence standard has been met by this Defendant, and that she has proved that she is indeed an Official Notary in the state of Michigan, she can be dismissed from this case." Plaintiff has not established a genuine issue of material fact, and thus Defendant Hollis-Williams Motion for Summary Judgment [48] is **GRANTED**.

Plaintiff should be aware that failure to consent to a motion when Plaintiff has no actual

---

[1] Plaintiff presents a screenshot from the Michigan Secretary of State's office as his apparent reason for concluding that the notary publics involved in this case were without commissions and were engaged in fraud. Plaintiff asserts that he should have reasonably been able to rely on the Secretary of State's website. Plaintiff's search appears to have been faulty. Plaintiff appears to have searched for persons with Defendant Hollis-Williams' last name whose "Notary Expiration Date" was between July, 2008. Because Defendant Hollis-Williams continues to be a notary public and thus her notary commission did not expire, her name did not show up in a search.

evidence or argument to oppose the motion could be taken by the Court as evidence that Plaintiff has engaged in frivolous motion practice for the purpose of harassing a defendant, and also wastes the Court's time resolving a motion that Plaintiff has no ability to oppose.

### Defendant Dawn Keith's Motion to Dismiss or for Summary Judgment [55]

Defendant Dawn Keith's motion is similar to that of Defendant Hollis-Williams, discussed above. Defendant Keith is an employee of Detroit Legal News Publishing. Defendant Keith's involvement in this case stems solely from her notarization of the affidavit of a publisher in the Detroit Legal News related to the 2007 foreclosure on Plaintiff's property. Defendant Keith presents evidence that she was, in fact, a commissioned notary public at the time she notarized the affidavit.

Plaintiff did not deign to respond or consent to Defendant Keith's motion. Defendant Dawn Keith's Motion to Dismiss or for Summary Judgment [55] is **GRANTED**.

### Defendant National City Bank's Motion for Judgment on the Pleadings [57]

Plaintiff's claim regarding his allegedly defective foreclosure primarily stem from his dispute with National City Bank, the holder of the mortgage on Plaintiff's property in 2007. Defendant PNC Bank, successor-by-merger with National City Bank, moves for judgment on the pleadings based on *res judicata*.

> Res judicata applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims. *See Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992).

*Walker v. Gen. Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (citing *Sanders Confectionary Prod., Inc. v. Heller Fin, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

In 2009, Plaintiff filed a case in this court against Defendant National City Bank. *See Atchison v. National City Bank*, No. 09-cv-12805 (E.D. Mich. Sept. 3 2009) (Roberts, J.). In said case, Plaintiff sought to void the sheriff's sale, and alleged such defects in the sale as the fact that the original promissory note not existing, fraud, and breach of contract. Judge Roberts dismissed the case pursuant to the doctrine of *res judicata*, finding that there was identity of issues and parties, a final judgment, and that the issues in Plaintiff's federal case were, or could have been, resolved on the merits in Plaintiff's state case in 36th District Court.

Plaintiff responds by arguing that the instant case involves several new claims "that were not litigated on the merits," specifically Plaintiff's claims involving allegedly fraudulent signature, alleged robo-signing, and the alleged fraudulent signature on the mortgage assignment. However, these claims "should have been litigated in the first action," and Plaintiff provides no explanation (such as fraudulent concealment) as to why they were not litigated in Plaintiff's numerous previous actions. Accordingly, the Court finds that *res judicata* bars Plaintiff's instant suit against Defendant National City Bank.

Plaintiff also argues that the transfer of title and assignment of the mortgage prior to foreclosure were not proper, and that Defendant did not establish a proper chain of title. Plaintiff therefore argues that the initial foreclosure was "void," and that all previous judgments against him are similarly void. Plaintiff's contention is contrary to well-settled law, as "the res judicata consequences of a final, unappealed judgment on the merits" are not "altered by the fact that the judgment may have been wrong . . . ." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981).

Accordingly, Defendant National City Bank's Motion for Judgment on the Pleadings [57] is **GRANTED**.

**Conclusion**

For the reasons stated above, Defendants Sterling Harrison & Regina Stokes' Motion to Dismiss [41] is **GRANTED**. Defendant Donna Hollis-Williams Motion for Summary Judgment [48] is **GRANTED**. Defendant Dawn Keith's Motion to Dismiss And/Or For Summary Judgment [55] is **GRANTED**. Defendant National City Bank's Motion for Judgment on the Pleadings [57] is **GRANTED**.

 **SO ORDERED**.

            s/Arthur J. Tarnow
            Arthur J. Tarnow
Dated: May 9, 2013       Senior United States District Judge

---

**CERTIFICATE OF SERVICE**

I hereby certify on May 9, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 9, 2013: **Fidel Atchison.**

            s/Michael E. Lang
            Deputy Clerk to
            District Judge Arthur J. Tarnow
            (313) 234-5182